# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

### OF THE STATE OF NEW-JERSEY.

### JULY TERM, 1836.

---

JEPTHA WOODEN v. ZIBA WOODEN and others.

Equity will not, in the absence of special circumstances, interfere by injunction to protect a legal right, which may be tried at law.

Where the answer denies all the equity of the bill, the injunction to stay proceedings at law will be dissolved of course.

MOTION to dissolve an injunction to restrain proceedings at law. The chancellor having been of counsel with one of the parties, the cause was heard at his request before Elias Vanarsdale, esquire, one of the masters of the court. The cause was submitted without argument.

*I. H. Williamson*, of counsel for defendants.

*W. Halsted*, of counsel for complainant.

THE MASTER. The bill was filed on the sixth of April, eighteen hundred and thirty-five; and, among other things, sets forth, that Ezra Wooden died on the twenty-fifth of September, eighteen hundred and thirty-two, possessed of a considerable real

and personal estate; leaving eight children, among whom arose a controversy as to the distribution of his estate. That Ziba, Nathan and Peter Wooden, sons of the said deceased, insisted that the said Ezra Wooden had made a will, devising all his property, and the other children insisting that there was no will. That the complainant, being of opinion that there was no legal will, on the nineteenth of November, eighteen hundred and thirty-two, agreed with the defendants, with a view of compromising all differences of opinion in relation thereto, in manner following; viz.:—"Articles of agreement, made this nineteenth day of November, between Peter, Ziba and Nathan Wooden, of the township of Warren, county of Somerset, and state of New-Jersey, of the first part, and Jeptha Wooden, of the same place, witnesseth; that the said party of the first part, do upon certain conditions, agree to let the said Jeptha Wooden have the west rooms, together with five acres of land on the west end of the house, being a part of the homestead farm of Ezra Wooden, deceased, if provided the will of the said deceased shall be established, otherwise this writing to be void; and the said Jeptha doth hereby acknowledge himself fully contented and satisfied with said will in question. Witness our hands and seals, this nineteenth day of November, eighteen hundred and thirty-two." That in part performance, the defendants put the complainant in possession of the two west rooms of the house in the said agreement mentioned, on or about the first of April, eighteen hundred and thirty-three, and he has continued in possession under said agreement ever since, and still continues in possession thereof. The bill then further states, that on the day following the date of the above agreement, another agreement was made, which is set forth, whereby the complainant and several children of the deceased therein named, were to release to the defendants the homestead farm; and the defendants were to release to the complainant and other children named, several lots also mentioned, with various provisions not deemed necessary now to be noticed. That in pursuance of the said last mentioned agreement, the defendants and their wives executed certain releases,

in the bill mentioned, and the complainant and his wife and other persons in the said bill named, also executed a release to persons therein mentioned. That a deed of release for said homestead farm was made out from the complainant and others to the defendants, on the tenth of December, eighteen hundred and thirty-two, and was executed and acknowledged by the complainant and his wife, and the other parties thereto, except the acknowledgment of Elizabeth Freeman is disputed, and except also that Robert Morris and Sarah his wife refused to execute the same—the said Sarah Morris and Elizabeth Freeman being two of the daughters of the said Ezra Wooden, deceased.

The bill also sets forth a suit in this court by the defendants to carry the last mentioned agreement into effect, and the proceedings thereon; and that after the first mentioned agreement, about the first day of December following, the defendants agreed to pay the complainant three hundred dollars, by certain promissory notes, in lieu of the five acres therein mentioned, and since then Ziba, one of the defendants, has had possession thereof. That on the first of January, eighteen hundred and thirty-five, Ziba Wooden, one of the defendants, served a notice on the complainant to remove out of the said two rooms on the first of April following; and upon inquiry what was meant by serving said notice, the said Ziba replied, because the complainant's wife quarrelled with the wife of another person occupying the middle part of said house, and threatened to turn the complainant out of the said two rooms, and in pursuance of such intention commenced an action of unlawful detainer before one of the justices of the peace of the county of Somerset, and sets forth the proceedings before said justice. That the said two rooms are part of the house which belonged to the complainant's father, and that he does not unlawfully detain the same; and insists, that if the pretended will of the deceased is established, he is entitled to hold the said two west rooms; and if not established, then he is entitled, as one of the children and heirs of the deceased, to an equal part of his real estate, and to the possession of the said rooms and real estate as tenant in common. That the complainant

[Wooden v. Wooden et al.]

never entered into a lease to the said Ziba Wooden for the said two rooms, or acknowledged him as his landlord, but entered in pursuance of said article above recited. The bill also sets forth certain pretences, which are alleged to be untrue; and prays a specific performance of the agreement of the defendants, entered into with the complainant on the nineteenth of November, eighteen hundred and thirty-two, or that they may pay the three hundred dollars in lieu of the five acres of land in the said agreement mentioned, the complainant being willing to perform his part of said agreement; or that the second article of agreement, bearing date the twentieth of November, eighteen hundred and thirty-two, and the deed of release referred to, executed by the complainant and others in pursuance of said article, be declared null and void, and the defendants restrained from prosecuting the said unlawful detainer, and for further relief.

The bill was sworn to by the complainant on the sixth of April, eighteen hundred and thirty-five, and on the same day an order was made by Samuel L. Southard, esquire, one of the masters of this court, designated for the purpose, that an injunction issue agreeable to the prayer of said bill, which was issued accordingly and served.

On the fifth of October, eighteen hundred and thirty-five, the defendants filed their answer, and gave notice of the application to dissolve the injunction in January term following. So much of the defendants' answer will be taken notice of hereafter as may be applicable to the motion under consideration.

If the complainant's right to the injunction was insisted on upon the ground that there was no will left by his father, and that he is one of the heirs at law of Ezra Wooden, deceased; the answer of the defendants sets forth a will sufficient to pass real estate, whereby, among other things, the said deceased devised the said dwelling-house and part of the homestead to the defendant, Ziba Wooden; and further says, that the said will is not yet established. But in case there was no will, and he was an heir at law and tenant in common, injunctions are not frequent, and only granted on special circumstances: *Eden on Inj.* 171.

And I do not perceive in the bill any equitable circumstance set forth why this court should interfere to protect the complainant's right as heir, which is a legal right and may be properly tried at law. If the allegation that the complainant has a good legal title to the premises in controversy, was sufficient to obtain an injunction, it would seem to follow as a necessary consequence that every defendant whose title was attacked at law, and would make the suggestion of having a good title, might draw the controversy in question in this court. Such a practice would justly be complained of by the courts of law, as depriving them of the exercise of their rightful jurisdiction.

It is very clear that the second agreement set forth in the bill can give the complainant no right to his injunction, as by that agreement the complainant and others are to release to the defendants the homestead, which includes the two west rooms in controversy. The only foundation that is perceived upon which this injunction was granted by the master, is not the first agreement alone—for that has nothing positive respecting the possession of the said two west rooms, but is a conditional agreement, to take effect if the will of the deceased is established, otherwise to be void; and there is no averment that the said will is established. But the complainant states in his bill, that in part performance of that agreement, the defendants put the complainant in possession of the said two west rooms, on or about the first of April, eighteen hundred and thirty-three, and that he has continued in possession under said agreement ever since. And the complainant further states, that he never entered into a lease to the said Ziba Wooden for the said two rooms, or acknowledged him as his landlord, but entered in pursuance of the said article above recited.

Upon examining the answer of these defendants respecting these allegations, among other things they say, " And these defendants expressly deny that in pursuance of said agreement, and in part performance thereof, these defendants put the complainant in possession of the two west rooms of the house in the said agreement mentioned, on or about the first day of April,

55

[Wooden v. Wooden et al.]

eighteen hundred and thirty-three, or at any other time; but they say that the said complainant entered into the possession of the said rooms as a tenant to this defendant, Ziba Wooden, and was to pay rent therefor as a tenant, as herein after more particularly mentioned. And these defendants deny that the complainant went into possession under the said agreement." In another part of said answer it is set forth as follows : " And these defendants further answering in manner aforesaid, say, that after the said first agreement between these defendants and the complainant was abandoned and put an end to, and after the said agreement of compromise before mentioned, the said complainant agreed with this defendant, Ziba Wooden, to rent of him for a year the said two west rooms, and to pay him as the rent therefor the sum of fifteen dollars, and that the complainant went into possession of the said rooms under that agreement as the tenant of this defendant, Ziba Wooden, at the said rent of fifteen dollars, and has continued in possession and occupation of the said premises as his tenant, and under an agreement and promise to pay him rent therefor." And the said answer in another part thereof is as follows : " And they further deny that the complainant ever entered into the possession of the said rooms under any article of agreement entered into between them and the said complainant."

Where the answer denies all the equity of the bill, the injunction to stay proceedings at law will be dissolved of course :. 1 *John. Chan. R.* 211 ; 2 *Ibid*, 202 ; 4 *Ibid*, 26.

Considering the answer above set forth as a denial of the allegations upon which the injunction was granted, and a sufficient denial of the complainant's equity to have the injunction dissolved, I do respectfully advise your excellency to grant an order dissolving the said injunction, reserving the question of costs to the hearing of the cause.

Order accordingly.